Charles B. Swartwood, J.
The petitioners Gruntal and Co., Dr. Bernard Heller and Baruch Ben Chaim Foundation, by petition and notice thereof, have initiated a proceeding in the nature of a special proceeding for an order determining that petitioners have satisfactorily complied with the provisions of section 623 of the Business Corporation Law with respect to 7,500 shares of Endicott Johnson Corporation held by petitioner Gruntal and Co., as nominee for its copetitioners Dr. Bernard Heller and Baruch Ben Chaim Foundation.
Endicott Johnson Corporation moves under CPLR 404 (subd. [a]) to dismiss the petition for reasons hereinafter stated, or *122 in the alternative, that the proceeding of G-runtal and Co. et al. be consolidated with a special proceeding brought by Endicott Johnson Corporation presently pending in Supreme Court, Broome County, entitled Matter of Endicott Johnson Corp. v. Bade et al., including as respondents therein Gruntal and Co., as nominee for Bernard Heller and Baruch Ben Chaim Foundation.
For the purposes of clarity and brevity, the petition brought by Gruntal and Co., as nominee for Dr. Bernard Heller and Baruch Ben Chaim Foundation, shall be nominated Gruntal petition; the motion to dismiss or for consolidation brought by Endicott Johnson Corporation, herein called Endicott, shall be nominated Endicott motion and the petition pending in this court for appraisals brought by Endicott Johnson Corporation against Frederick M. Bade, Gruntal and Co., as nominee, et al., shall be nominated Bade appraisal petition.
The resolution of these questions all depends upon the interpretation of section 623 of the Business Corporation Law.
There is little dispute as to what gives rise to these questions. Gruntal and Co., as nominee for Dr. Bernard Heller and Baruch Ben Chaim Foundation, who own beneficially 7,500 shares of Endicott, duly served upon Endicott with respect to those shares written objection against adoption of a plan of merger and demanded a right to appraisal before the voting of such merger was held, as required by subdivision (a) of section 623 of the Business Corporation Law.
Endicott went forward with its shareholders meeting, the merger was voted and on October 1, 1971 mailed written notice of that action to Gruntal and Co. and others, as provided in subdivision (b) of section 623 of the Business Corporation Law.
Under subdivision (c) of section 623, a shareholder has 20 days within which to give written notice to the corporation of his election to dissent and to demand payment, which, in this case, expired on October 21, 1971 under subdivision (1) of section 623 and subdivision (a) of section 605 of the Business Corporation Law and section 20 of the General Construction Law. On or about October 19,1971, within the 20-day period, an employee of Gruntal and Co. called the corporate secretary of Endicott and it is claimed that in that conversation Gruntal and Co. was directed by the corporate secretary to send in for notation the certificates representing the 7,500 shares that it held as nominee, pursuant to subdivision (f) of section 623 of the Business Corporation Law so that Gruntal and Co. could have the shares appraised and paid for. However, we say “ claimed ” *123 because only hearsay evidence is offered as to what exactly was stated in the conversation.
In any event, on October 22, 1971 Gruntal and Co. mailed to the corporation for notation the certificates representing the 7.500 shares, pursuant to the aforesaid conversation, which letter was not received by Endicott until October 26, 1971. Endicott refused to accept for notation these stock certificates and returned them to Gruntal and Co. by letter of October 27, 1971, stating in effect that Gruntal and Co. had not complied timely with subdivision (c) of section 623 because notice of election to dissent had not been made prior to or on October 21, 1971, the cut-off date for a notice of election to dissent under subdivision (c) of section 623 of the aforesaid statute.
No offer to pay for the shares was made to Gruntal and Co. by Endicott under subdivision (g) of section 623 although offers were made to others conceded by Endicott to have properly dissented.
The Gruntal petition was thereupon served on December 15, 1971, seeking a determination that Gruntal and Co. had complied with subdivision (c) of section 623 of the Business Corporation Law as to its notice of election to dissent and that Endicott be directed to accept for notation the certificates representing the 7.500 shares. Gruntal and Co. seeks to be relieved of its failure to strictly comply with subdivision (c) of section 623 requiring notices of election to dissent and for payment of its shares on the basis that in its written objection to the merger under subdivision (a) of section 623 it had requested its appraisal rights, that Endicott was fully informed verbally thereafter of Gruntal’s intent to seek payment for its shares and that by reason of the alleged verbal instruction given to Gruntal and Co.’s employee by telephone, Endicott should be estopped from insisting on strict adherence by Gruntal and Co. to the letter of subdivision (c) of section 623. The Gruntal petition does not ask for an appraisal but seeks a preliminary determination that Gruntal and Co., as nominee, is entitled to an appraisal of and payment for such shares.
Two days after the service of the above proceeding on Endicott, and on December 17, 1971, Endicott brought its own proceeding in this court against Frederick Bade et al. wherein it seeks a determination that Gruntal and Co., as nominee, and other stockholders had failed to comply with the provisions of section 623 of the Business Corporation Law and are not entitled to seek appraisal of and payment for their shares and for a determination of the fair value of the shares of the shareholders *124 who it concedes complied with the provisions of section 623. It should be noted that in that petition different respondents are deemed by Endicott not to have complied with different provisions of section 623 but there are a number under subdivision “ B ” of the petition, along with Gruntal and Co., as nominee, that it claims failed to comply with the provisions of subdivision (c) of section 623 in failing to properly file a notice of election to dissent.
Thereafter, Endicott moved by notice of motion dated December 31,1971 to dismiss the Gruntal petition, or in the alternative, to consolidate it with the Bade appraisal petition. The principal bases of the motion to dismiss are that the Gruntal petition was commenced on December 15, 1971, within the 20-day period reserved by operation of paragraph (1) of subdivision (h) of section 623 for the corporation to bring a special proceeding to determine the rights of dissenting shareholders and to fix the fair value of their shares and that Endicott had commenced such a proceeding within the 20-day period.
Gruntal and Co. opposes this motion to dismiss its petition on the basis that paragraph (1) of subdivision (h) of section 623 is a limitation only on those shareholders who are conceded by the corporation to be properly dissenting shareholders and, secondly, that a consolidation would be prejudicial to those who beneficially own the shares for which Gruntal and Co. is nominee. It is conceded that the Gruntal petition was commenced within the 20-day period mentioned in paragraph (1) of subdivision (h) of section 623. This appears to be a case of first impression as we find no cases directly in point and none have been cited by counsel,
Section 623 of the Business Corporation Law establishes the respective steps to be followed by corporations and their shareholders with regard to corporate actions that give rise to rights of appraisal and payment for shares to dissenting shareholders. These steps are clearly stated. However, when subdivision (h) of that section, which outlines court procedures to be followed to determine these rights, is read, difficulties of interpretation do arise but only with respect to those dissenting shareholders whose rights to appraisal of and payment for their shares are not conceded by the corporation due to a shareholder’s failure to comply strictly with one of the requisite steps.
It is clear that, as to those shareholders who are conceded by the corporation to have properly dissented, the corporation, under paragraph (1) of subdivision (h) has the exclusive right during the 20-day period to commence a special proceeding for a *125 determination of their rights and for an appraisal of the value of their shares. The purpose of this provision is to place upon the corporation the obligation of initiating the appraisal procedure and to prevent multiplicity of actions that might otherwise ensue. (11 Buffalo L. Rev. 496, 528 [1962].) This procedure would have the salutary effect of avoiding divergent decisions on similar facts that might result from a multiplicity of actions in different courts or before different Judges.
Petitioner Gruntal and Co. takes the position that “ dissenting shareholder ’ ’ as used in the statute includes within its terms only those stockholders who are conceded by the corporation to have properly dissented or to whom the corporation has made an offer. Gruntal and Co. points to the language in subdivision (c) of section 623 and argues that, if a shareholder failed to comply with that subdivision, he is not a “dissenting shareholder” within the meaning of subdivision (h) which prescribes the legal procedures to be followed by “dissenting shareholders” and that, since Gruntal and Co. did not strictly comply with subdivision (c), it does not come within the term “ dissenting shareholder ” and therefore its remedies are not limited to those set forth in subdivision (h) of section 623. Gruntal and Co. in support of this argument notes that section 623 of the Business Corporation Law does not mention directly remedies of those shareholders who have failed to comply with one of the steps to entitle them to an appraisal of and payment for their shares.
We do agree that the statute is deficient in that it does not clearly state that the term “dissenting shareholder” includes not only those who have concededly gained the right of appraisal of their shares but also those who make claim to the right of appraisal but who have failed to strictly comply with each step giving a right of appraisal.
The introductory paragraph of subdivision (h), at first blush, seems to lend support to Gruntal and Co.’s argument. It reads as follows: 1 ‘ The following procedure shall apply if the corporation fails to make such offer within such period of seven days, or if it makes the offer and any dissenting shareholder or shareholders fail to agree with it within the period of thirty days thereafter upon the price to be paid for their shares ”. This paragraph might appear to limit the relief under subdivision (h) of section 623 to a shareholder who properly dissented and to whom the corporation failed to make an offer or has tendered an unsatisfactory offer which has been declined by the shareholder.
However, such an interpretation too narrowly construes this language and overlooks the over-all intent and purpose of subdivision (h) and other subdivisions of that section.
*126 The above-quoted paragraph includes those to whom an offer was not made by the corporation and this would include G-runtal and Co. The language does not limit this relief to those who are conceded to have properly dissented and entitled to an offer under subdivision (g) of section 623.
The balance of subdivision (h) bears this out in that it contemplates affording relief to those whose election to dissent and right to payment is questioned.
Paragraph (1) of subdivision (h) states in part that the special proceeding shall be brought by the corporation ‘ ‘ to determine the right of dissenting shareholders and to fix the fair value of their shares ” (emphasis added). One of such rights obviously would be a determination of whether a shareholder had qualified to receive payment for his shares.
Paragraph (4) of subdivision (h) further bears this point out. This states as follows in part: “ The court shall determine whether each dissenting shareholder, as to whom the corporation requests the court to make such determination, is entitled to receive payment for his shares. If the corporation does not request any such determination or if the court finds that any dissenting shareholder is so entitled, it shall proceed to fix the value of the shares ’ \ This paragraph impliedly refers back to the procedure outlined in paragraph (1) of subdivision (h) as to proceedings brought by a corporation and to paragraph (2) of subdivision (h) as to proceedings commenced after the 20-day period by those shareholders not included in a special proceeding brought by the corporation. The statutory scheme is that the corporation in its action under paragraph (1) of subdivision (h) may ask the court to determine a questioned dissenter’s right to payment and, if it fails to do so, then the aggrieved shareholder can have his right to payment determined in a special proceeding brought by him under paragraph (2) of subdivision (h) within 30 days after the 20-day period given exclusively to the corporation elapses. “ Dissenting shareholder ” in this context thus has to include those whose right to appraisal is questioned or denied by the corporation; otherwise it is difficult to envision what the second sentence quoted above has reference to. This interpretation gives logical meaning to the above-quoted portion of paragraph (4) of subdivision (h) and effect to the over-all statutory scheme of section 623. Presumably, a court would order a joint trial or consolidation where two or more special proceedings were thus properly commenced to avoid divergent results.
Subdivision (k) of section 623 is not involved.
*127 Since the proceeding of Gruntal and Co. was commenced within the 20-day period reserved for a special proceeding to be commenced by Endicott and since such a corporate proceeding was commenced by it naming Gruntal and Co. as a respondent, the proceeding commenced by Gruntal and Co. must be dismissed.
We do not therefore reach the other questions raised in the Gruntal petition or as to the form of such proceeding.
The motion of Endicott to dismiss the proceeding brought by Gruntal and Co. against it is granted.
In view of the time limitations and since Gruntal and Co. has not yet answered the special proceeding commenced by Endicott against Bade et al., Gruntal and Co. is given 10 days from the date of service upon its attorneys of a copy of the order herein granted to answer or otherwise move under CPLB 404 (subd. [a]) and Endicott is restrained from unilaterally discontinuing such proceeding as to the respondent Gruntal and Co. without leave of this court.